IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS GRICE, :
:
    Plaintiff, : CIVIL NO. 4:CV-07-0373
:
v. : (Judge Jones)
:
UNIDENTIFIED CORRECTIONAL :
OFFICIAL, :
:
    Defendant. :

# MEMORANDUM

## March 5, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Curtis Grice ("Grice" or "Plaintiff"), an inmate at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, commenced this pro se action by filing a Complaint pursuant to Bivens.[1] (Rec. Doc. 1). Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis. (Rec. Doc. 2). Plaintiff claims that his personal property was lost or misplaced by an "unknown, unidentified

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

1

correctional officer" at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (Rec. Doc. 1 at 3.) He seeks injunctive relief, monetary damages, and costs of suit. (Id. at 4.) For the following reasons, the Court will transfer this case to the United States District Court for the Eastern District of New York.

**DISCUSSION:**

Venue for Bivens actions is governed by the provisions of 28 U.S.C. § 1391(b). Under Section 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise may be brought. The sole Defendant in this case is employed at the MDC located in Brooklyn, New York. Moreover, the property at issue was allegedly lost or misplaced at the MDC, and the events giving rise to the claim occurred at the MDC. Brooklyn, New York, is located in the Eastern District of New York. Therefore, the proper venue for this action is the Eastern District of New York. See 28 U.S.C. § 1391(b).

When venue is improper, as in this case, a court may transfer the case to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). In the

interest of justice, therefore, this case will be transferred to the United States District Court for the Eastern District of New York. In accordance with FED. R. CIV. P. 58, an appropriate Order shall issue.